Plaintiff, by his allegations, is a provider of health care services under 42 U.S.C. § 1395-1395ff. He has delivered medical care to various elderly and disabled persons who have elected coverage by the optional program known as Medicare B. He has taken assignments by them which would normally entitle him to direct compensation by the United States in the statutory amount of 80 percent of the "reasonable charge,” 42 U.S.C. § 1395x(s), after deductibles. The United States, he alleges, has designated a party (carrier) Blue Shield of Florida. The carrier has in response to congressional pressure, blacklisted plaintiff and refused to pay him amounts to which he is entitled under Medicare B. The U.S. Attorney has investigated charges of alleged fraud on the government by plaintiff and has refused to prosecute. Plaintiff has obtained records via the Freedom of Information Act which establish defendant owes plaintiff *771 $153,215.16. Plaintiff alleges in a second count that Blue Shield has denied due process of law by refusing to give plaintiff a fair hearing and has deprived plaintiff of property without due process of law.
Defendant moves to dismiss. If plaintiff has access to any forum where his entitlement to $153,215.16 of Medicare Part B payments can be adjudicated, it is not this court. Defendant cites United States v. Erika, Inc., 456 U.S. 201 (1982), which is squarely on point. The allegations of a constitutional violation are not adequate to establish an exception. Plaintiff may have a remedy in some other tribunal or the matter may be one which the Congress has reserved for direct handling by itself. Plaintiff has no remedy here. Plaintiffs petition is hereby dismissed.